IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| OWAIIAN M. JONES, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00412 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ROANOKE CITY JAIL,** *et al.*, | ) | By: Michael F. Urbanski |
|     Defendants. | ) | United States District Judge |

This matter is before the court upon Jones' "complaint for writ of mandamus." In his pleading, Jones asks the court to order the defendants to give Jones access to his property "and any other rights associated with his incarceration" and remove the Sheriff "as incompetent." The court finds that it has no authority to grant the relief Jones seeks and, therefore, denies his request.

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." District courts do not have jurisdiction to grant mandamus relief against state officials. See Gurley v. Super. Ct. of Mecklenburg Cnty, 411 F.2d 586, 587 (4th Cir. 1969). Further, the court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear an undisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted); see also First Fed. Sav. & Loan Ass'n v. Baker, 860 F.2d 135, 138 (4th Cir. 1988).

In this case, Jones seeks mandamus relief against state officials, and thus, this court does not have jurisdiction to order the relief requested. Moreover, Jones' right to the relief sought is not clear and undisputable. Accordingly, the court finds that Jones is not entitled to mandamus relief and, therefore, will dismiss this action

Entered: November 21, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge